**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **VICENTE FERNANDE AGUILERA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 26-cv-12324-ADB** |
| ) | |
| **TODD BLANCHE,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

<u>**MEMORANDUM AND ORDER**</u>

**BURROUGHS, D.J.**

For the reasons stated below, if petitioner wishes to proceed with a habeas action, he  must resolve the filing fee and file a petition for writ of habeas corpus.

## I.    Background

Vicente Fernandez Agilera, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a *pro se* "Motion for Final Order Review and Reassignment of First Step Act Time Credits – FSA"  (hereinafter, "the petition") in the United States Court of Appeals for the First  Circuit.  *See Aguilera v. Blanche*, No. 25-2201 (1st Cir. filed Dec. 15, 2025).  On May 29, 2026, finding that appellate jurisdiction is lacking, the appeals court transferred the petition to the District of Massachusetts so that the district  court may determine whether the petition may be "entertained as a habeas petition of some sort and/or whether the [petition] may be construed as some other type of filing within the jurisdiction of the district court…."  *Id.*

The action was randomly assigned to the undersigned, *see* Doc. No. 2, and the petition was entered on the docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  *See* Doc. No. 1-2.  Petitioner asks "that his First Step Act days time credit be given back to him [by the

Federal Bureau of Prisons].” *Id.* at 1.   He both seeks “review of his issued final order” and also asks to see an Immigration Judge because “only a judge can order a final order.” *Id.*   In the motion to dismiss filed in the First Circuit proceeding, the government states that is was unable to find a final order of removal pertaining to petitioner.   Doc. 1-8 at 2.

## II.    Standard of Review

The petition has not been served pending the court’s preliminary review of the document. *See McFadden v. Warden, FCI Danbury*, No. CV 22-30062-KAR, 2022 WL 1556026, at *2 (D. Mass. May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (“Rule 4”) (providing that, if it “plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court,” the Court “must dismiss the petition”).[1]

## III.    Availability of Relief under § 2241

“[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.” *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   Section 2241 gives the federal courts jurisdiction to provide habeas relief “within their respective jurisdictions” to prisoners who are “in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(a), (c)(3).

A § 2241 petition must be brought against the petitioner’s custodian.   *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian, not supervisory official exercising legal

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

control, of petitioner is proper respondent in habeas action); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) (immigration detainee "normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained").

To the extent petitioner seeks to challenge the calculation of time credits, he may wish to file a 2241 petition seeking such credits.  A § 2241 petition "can be used, among other things, to challenge the 'manner of execution' of a federal sentence." *Cockerham v. Boncher*, 125 F.4th 11, 13 (1st Cir. 2024) (quoting *Muniz v. Sabol*, 517 F.3d 29, 33-34 (1st Cir. 2008)).  A petitioner may challenge "computation of a prisoner's sentence by prison officials via a section 2241 petition." *Walsh v. Boncher*, 652 F. Supp. 3d 161, 164 (D. Mass. 2023) (cleaned up).  Before filing a § 2241 petition, a federal inmate must exhaust his administrative remedies.  *Id.* at  167 ("Ordinarily, a federal inmate must exhaust the BOP's administrative remedies before filing a section 2241 petition in federal court.");  *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). However, there is "the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile." *Levine v. U.S. Dep't of Fed. Bureau of Prisons*, No. 20-cv-11833, 2021 WL 681689 at *3 (D. Mass. Feb. 22, 2021).

To the extent petitioner seeks to challenge a final order of removal, under the REAL ID Act, this court is without jurisdiction to entertain such a challenge.  Federal judicial review of an order of removal, if available, is reserved for the court of appeals in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(a)(5), (b)(2).  However, it seems that a final order of removal has not been issued.  First, petitioner states that he has not been before an Immigration Judge.  Next, in the motion to dismiss filed in the First Circuit proceeding, the government states

that is was unable to find a final order of removal pertaining to petitioner. See Doc. 1-8 at 2.

Thus, it appears that petitioner is not subject to a final order of removal.

## IV.    Filing Fee

A party filing a habeas action in the district court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Any motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.

## V.    Order

Upon review of the pleadings, it is hereby ordered as follows:

1.    If petitioner wishes to proceed with a habeas action concerning time credits, within 42 days of the date of this Order, petitioner must (1) either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* accompanied by a certified prison account statement, (2) and file a petition for writ of habeas corpus. Failure of petitioner to timely comply with these directives will result in the dismissal of this action without prejudice.

2.    The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

**So Ordered.**

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

June 3, 2026

4